UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD YOHE, | : | CIVIL NO. 3:13-CV-01599 |
| Petitioner, | : | |
| | : | (Judge Brann) |
| v. | : | |
| SCI COAL TOWNSHIP, *et al.*, | : | (Chief Magistrate Judge Schwab) |
| Respondents. | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The *pro se* plaintiff, Todd Yohe ("Yohe"), has filed a Motion to Reopen ("Motion") his habeas corpus proceedings pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Doc. 39*. For the reasons set forth below, we recommend denying his Motion.

## II. Factual Background and Procedural History.

Yohe was sentenced by the Dauphin County Court of Common Pleas to life imprisonment for second degree murder; to a concurrent 48-96 month incarceration sentence for robbery; to a consecutive 36 to 72 month sentence for conspiracy; and to a fine. *Doc. 32* at 1. On June 14, 2013, Yohe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (*doc. 1*), followed by an amended petition on December 31, 2013 (*doc. 12*). His amended petition was

denied by United States District Court Judge Kosik ("Judge Kosik") on April 28, 2016, pursuant to an Order (*doc. 33*) and accompanying Memorandum (*doc. 32*). Following that denial, Yohe requested a 20-day extension of time "to file his objections to the Magistrate Judges' [sic] Report and Recommendation."[1] *Doc. 34* at 2. But, before he received a response from the Court regarding that request, Yohe proceeded by filing a notice of appeal to the United States Court of Appeals for the Third Circuit. *Doc. 35*. On August 31, 2016, the Court of Appeals denied Yohe's request for a certificate of appealability, finding that "reasonable jurists would not debate the District Court's denial of his amended habeas petition or conclude that any of the six claims raised in that amended petition [were] adequate to deserve encouragement to proceed further."[2] *Doc. 37.* And, finally, on May 22, 2017, Yohe filed the instant Motion pursuant to Rule 60(b)(6) of the Federal Rules

---

[1] Despite Yohe's contentions, Judge Kosik was always the presiding judge in this case, even though it had initially been referred to the undersigned Magistrate Judge for early case management (*see, e.g.*, docs. *7, 11*, *14*) and to United States Magistrate Judge Carlson for purposes of settlement. Thus, while Yohe requested additional time to file objections to a purported Report and Recommendation, the docket reflects that no such Report and Recommendation was ever filed. Instead, it was Judge Kosik's Order (*doc. 33*) and accompanying Memorandum (*doc. 32*) that disposed of his amended petition.

[2] Thus, while Yohe seemingly argues that he was not able to file objections to a Report and Recommendation, we fail to see the import of this argument. Not only was no Report and Recommendation ever filed, but Yohe did in fact submit a timely appeal to the United States Court of Appeals for the Third Circuit, regarding the denial of his amended petition.

of Civil Procedure, requesting this Court to reopen his habeas corpus proceedings.[3]

Doc. 39.

**III. Discussion.**

Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). More specifically, the Rule provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Generally speaking, "[a] motion under Rule 60(b) must be made within a reasonable time--and for [provisions] (1), (2), and (3) no more than a year after the

---

[3] Once Yohe filed that Motion, this case was reassigned to United States District Court Judge Brann ("Judge Brann") and referred to the undersigned Magistrate Judge. Thus, Judge Kosik is no longer the presiding judge; it is now Judge Brann who fulfills that role.

3

entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). "What constitutes a 'reasonable time' depends on the circumstances of each case" and "which Rule 60(b) [provision] a claimant is trying to avail." *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). Courts, therefore, will consider a number of factors, "including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Id.* (citation omitted).

Thus, while Rule 60(b)(6)—the provision upon which Yohe has brought his Motion—is not subject to an explicit time limitation, the United States Court of Appeals for the Third Circuit has stated that movants may not use that provision "as a catchall to avoid the one-year limitation." *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971); *see also Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) ("Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."). Consequently, "[a] motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007) (citations omitted).

In this case, Judge Kosik denied Yohe's amended petition on April 28, 2016. *See docs. 32, 33.* Thus, Yohe had one year from April 28, 2016, in which to file his Rule 60(b)(6) Motion. Yohe, however, did not file that Motion until May 22,

4

2017. *Doc. 39.* As such, we find that Yohe's Motion is untimely, unless he can show extraordinary circumstances to excuse his failure to proceed sooner. *See Gordon*, 239 F. App'x at 713.[4]

Although Yohe raises several arguments in support of his Motion, none of those arguments address his delay in filing under Rule 60(b)(6), nor do they demonstrate that extraordinary circumstances justify such a delay. Accordingly, we conclude that Yohe's Motion is untimely. *See Gordon*, 239 F. App'x at 713 (explaining that a Rule 60(b)(6) motion that is filed more than one year after judgment is generally untimely, unless the movant can show "extraordinary circumstances" (citations omitted)); *Hutchinson v. United States*, No. 1:06-CR-00173-01, 2014 WL 2450868, at *2 (M.D. Pa. June 2, 2014) (denying petitioner's Rule 60(b)(6) motion as untimely, where petitioner did not file that motion within a "reasonable time," nor did he set forth "extraordinary circumstances" that would justify his delay in filing); *Walsh v. United States*, No. 1:05-CV-0818, 2015 WL 1299584, at *2 (M.D. Pa. Mar. 23, 2015) (denying plaintiff's Rule 60(b)(6) motion for, among other things, plaintiff's failure "to demonstrate that extraordinary

---

[4] We note that Yohe's request for a certificate of appealability (*see doc. 35*), and the Third Circuit's denial thereof (*doc. 37*), is not relevant for purposes of determining the timeliness of his instant Motion. *See generally Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (explaining that the one year time limit that is contemplated by Rule 60(b) of the Federal Rules of Civil Procedure "is not extended by the maintenance of an appeal").

5

circumstances prevented him from filing [the] motion sooner."); *Gates v. Lavan*, No. 1:02-CV-2262, 2010 WL 3168357, at *3 (M.D. Pa. Aug. 10, 2010) (denying petitioner's Rule 60(b)(6) motion, which addressed the merits of his earlier petition, but did not address his failure to file the motion within a "reasonable time").

Thus, because we find that Yohe's Motion is untimely,[5] we recommend that it be denied. And, because we reach that finding and corresponding recommendation, we need not address the substantive merit of Yohe's motion. *See, e.g.*, *Gonzalez*, 545 U.S. at 535 (stating that a "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."); *Jackson v. Danberg*, 656 F.3d 157, 165–66 (3d Cir. 2011) ("It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." (citation omitted)).

---

[5] Even if we were to apply the prisoner mailbox rule here, we would still find that Yohe's Motion is untimely. Pursuant to that rule, "'a document is deemed filed on the date it is given to prison officials for mailing.'" *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)). To benefit from this rule, however, "'the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid.'" *Id.* (quoting *Nara v. Frank*, 264 F.3d 310, 315 n.3 (3d Cir. 2001)). Since Yohe did not comply with these requirements, he is not entitled to benefit from this rule. And, in any event, the six-day difference does not affect our decision, because even if his Motion were filed on May 16, 2017, the date with which his document is dated, the Motion would still be considered filed beyond the one-year limitation discussed above.

**IV. Recommendation.**

Accordingly, on the basis of the foregoing, **IT IS RECOMMENDED** that Yohe's Motion (*doc. 39*) be **DENIED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **1st** day of **December, 2017**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge